**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES UGOREK,

Plaintiff,

vs. CASE NO. 3:04-cv-1119-J-TEM

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,

Defendant.

---

**O R D E R**

Plaintiff's counsel in this Social Security case has filed Plaintiff's Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #24, Petition). Plaintiff's counsel, Erik W. Berger, seeks an award under a contingency fee contract for twenty-five percent of the past due benefits Plaintiff was awarded in this case. Defendant's Response to Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #26) does not directly object to the award of attorney fees, but states the Commissioner believes that approval of the entire requested fee would amount to a windfall. *Id*. at 4. Defendant also directs the Court's attention to the Eleventh Circuit's decision in *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006), but does not suggest Plaintiff's Petition was untimely filed.

As a preliminary matter, the Court notes that the Petition was filed on March 21, 2007, just over ninety (90) days after the Social Security Administration issued the Authorization to Charge and Collect Fee on January 12, 2007 (Doc. #25 at 13-14), and approximately six months after the Notice of Award was sent to Plaintiff on September 11,

2006 (Doc. #25 at 10-12). The Authorization to Charge and Collect Fee resolved the issue of § 406(a) administrative fees for the attorney. In this case, the Commissioner did not oppose the motion for fees based on timeliness, but merely pointed out the *Bergen* court suggested:

> With respect to future social security actions, in accordance with the §406(b) statutory language and the Federal Rules of Civil Procedure, this Court believes that the best practice, in entry of a judgment for immediate entry of benefits, would be for Plaintiff to request and the Court to include in the judgment a statement that attorneys fees maybe applied for within a specified time after the determination of Plaintiff's past due benefits by the Commission (sic).

*Bergen v. Comm'r of Social Sec.*, 454 F.3d 1273, 1278, n.2 (11th Cir. 2006).

There is no question that the federal court judgment in this case did not include language specifying a time frame within which counsel should move for § 406(b) fees, if Plaintiff were awarded benefits on remand. Under Rule 54(d)(2), Fed.R.Civ.P., and Middle District of Florida Local R. 4.18(a), claims for attorney fees should be filed within fourteen (14) days after the entry of judgment. However, the attorney is not eligible for § 406(b)(1)(A) fees unless the Commissioner subsequently finds the claimant disabled and awards benefits. Here, we have a span of approximately six months from the Notice of Award until the filing of the instant Petition. In *Bergen,* the Eleventh Circuit reversed a district court's denial of fees based on two issues, one of which was timeliness. The court stated that since the Commissioner had not objected on timeliness, the court would not address the issue. However, as noted above, the court did suggest an appropriate procedure for attorneys to request a specified period to file fee claims in the initial judgment. *Id.* at 1278, n.2. Here, the Court chooses to follow the Eleventh Circuit and not address the timeliness, or lack thereof, of counsel's motion for fees as Defendant has not

objected to a fee award on that basis and this case is not a “future social security action,” but is, in fact, an action that began a number of years before *Bergen*.

As Defendant correctly notes, the real question to answer is whether $9,691.25 in contingency fees, as sought by Plaintiff’s counsel, represents a reasonable amount under 42 U.S.C. § 406(b) or constitutes a windfall under *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

*History of case*:

Plaintiff first filed for Disability Insurance Benefits on September 24, 2001, alleging disability onset as of February 10, 2000 (Doc. #17, Plaintiff’s Memorandum, at 2).[1] After being denied initially, and on reconsideration, a hearing was held on March 25, 2003. Id. The Administrative Law Judge (ALJ) issued an unfavorable decision on April 16, 2003, and the Appeals Council denied review on August 27, 2004. *Id.* Plaintiff then filed an appeal with the Court in the Middle District of Florida, Jacksonville Division, which reversed and remanded the case at request of the parties first under sentence six of 42 U.S.C. § 405(g) and then under sentence four of 42 U.S.C. § 405(g). *See* Docs. #4, #7, #19 and #20. Subsequent to the sentence four remand, Plaintiff was awarded benefits without an additional administrative hearing. (Doc. #24 at 2). Plaintiff’s counsel advises he further developed and updated his client’s file, and was able to “convince the Administrative Law Judge to grant Mr. Ugorek his benefits without the need for an additional hearing.” *Id*.

[1]As the transcript of the underlying administrative proceeding is not available for public review on the record, the Court has relied on the schedule of events as presented in the Memorandum in Support of Plaintiff’s Appeal of the Commissioner’s Decision (Doc. #17).

Pursuant to the Equal Access to Justice Act (EAJA), this Court awarded Plaintiff's counsel $2,138.75 in attorneys fees on December 30, 2005 (Doc. #22).

The Social Security Administration (SSA) withheld from Plaintiff's past due benefits $11,941.25, which the SSA advised was twenty-five percent of the award held in reserve for attorney fees (Doc. #25 at 11). As noted earlier, on January 12, 2007, the presiding ALJ awarded administrative attorney fees, which totaled $2,250. Thus, the remaining amount currently held in escrow by the SSA is $9,691.25. Plaintiff's counsel has represented to the Court that he spent 14.50 hours on matters before the district court in this case. (Doc. #21 at 4). Counsel's representation of Plaintiff runs from November 2003 through the fully favorable decision dated June 23, 2006.[2]

On November 24, 2003, Plaintiff entered into a fee agreement with the Law Office of Erik W. Berger (Doc. #25 at 4-5).[3] Terms of the fee agreement specify in relevant part:

> If the claim is denied by the ALJ, and an appeal is filed by my Attorney, and the claim is awarded following that appeal I agree to pay a fee of 25% of my past due benefits, even if that amount is greater than the maximum amount allowable by law . . . . In that event, my Attorney would be required to submit a petition for fees to the Social Security Administration and/or Federal Court and a copy of same will be sent to client.

(Doc. #25 at 4).

*Social Security statutory fee structure:*

Congress has enacted laws to regulate fees for representation of Social Security claimants at both the administrative stage and in federal court. At the administrative stage,

---

[2]The Notice of Decision-Fully Favorable is dated June 23, 2006 (Doc. #25 at 9), but the Notice of Award is dated September 11, 2006 (Doc. #25 at 10).

[3]The Court noted Plaintiff signed the fee agreement on November 24, 2003 and Mr. Berger signed the fee agreement on December 2, 2003.

42 U.S.C. § 406(a)(1) provides the Commissioner may "fix" a reasonable fee for representation before the agency in accordance with regulations. Under that section, the fees for a successful applicant are capped at an agreed amount, providing it is no more than twenty-five percent of the past-due benefits or $4,000, whichever is lower. 42 U.S.C. § 406(a)(2)(A). The statute allows the Commissioner to raise the $4,000 cap periodically to correspond with increases in primary insurance amounts. 42 U.S.C. § 406(a)(2)(A)(iii). In this case, the reasonable fee was set by the presiding ALJ at $2,250 (Doc. #25 at 13-14).

For cases in which a court has issued a judgment favorable to a claimant represented by an attorney, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). That section has been interpreted to allow an award of benefits where the district court remands the case to the Commissioner of Social Security and the Commissioner on remand awards past-due benefits. *Bergen v. Comm'r of Social Sec.*, 454 F.3d 1273, 1276 (11th Cir. 2006).

An attorney for a prevailing party also may claim "within thirty days of final judgment" reasonable fees for the representation under the Equal Access to Justice Act, 28 U.S.C. § 2412 (b). The party must allege that the position of the United States in the matter "was not substantially justified." 28 U.S.C. § 2412 (d)(1)(B). That fee may be claimed within thirty days after the court issues final judgment in the action, which the statute defines as a "judgment that is final and not appealable. . . ." 42 U.S.C. § 2412(d)(2)(G). In a case involving a sentence six remand, the filing period does not begin until after the post-remand

proceedings are completed, the Commissioner returns the case to federal court, the court enters final judgment and the appeal period runs. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).

In defining "not substantially justified," the Supreme Court has indicated EAJA fees are not available every time a claimant prevails, but only when the Commissioner's position lacks "a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

An attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past-due benefits) must refund "to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total benefits).

*Legal analysis:*

Here, the Court must determine whether awarding the amount requested under the contingency fee agreement is reasonable, and, if it is not, what constitutes a reasonable fee. The framework for the analysis comes from the *Gisbrecht* case, in which the Supreme Court examined conflicting methods of calculating fees under § 406(b) in various circuits.[4] The Court concluded that § 406(b) does not displace contingency fee arrangements as the

---

[4]The Eleventh Circuit was one of several circuits using a lodestar method based on hours spent on a case multiplied by a reasonable hourly rate. *Gisbrecht* at 799; *Kay v. Apfel*, 176 F.3d 1322, 1324 (11th Cir. 1999). The Supreme Court noted the lodestar method was commonly used in fee-shifting situations in which the losing party was required to pay the fee. Under § 406(b), however, the fee is paid from the past-due benefits collected. Moreover, the Court noted that Congress had in 1990 authorized contingency-fee agreement for agency-level representation in § 406(a). *Gisbrecht,* 535 U.S. at 805.

primary means by which fees are set for representing Social Security claimant in court. *Gisbrecht*, 535 U.S. at 807. The Court found that Congress had determined that contingency fee agreements would be unenforceable if they exceed twenty-five percent, but within that boundary the attorney need only show that the fee sought is "reasonable for the services rendered." *Id.* The Court said downward adjustments can be made if the benefits are large in comparison to the amount of time counsel has spent in the case to prevent windfalls. *Id.* at 808.

The Court did not issue specific guidelines for determining reasonableness, noting that courts are accustomed to making reasonableness determinations. *Id.* The Court did, however, note with approval that lower courts appropriately considered the character of the representation, the results achieved and any delay caused by the attorney, when assessing the reasonableness of the sought fees. *Id.* *Gisbrecht* also indicates the lower courts may require the attorney to submit a record of the hours spent representing the client, as well as the lawyer's normal hourly billing charge. *Id.*

Justice Scalia in a dissenting opinion stated, "I do not know what the judges of our district courts and courts of appeal are to make to today's opinion," indicating that the factors the Court proposed lower courts examine in determining reasonableness are the antithesis of contingency fee agreements. *Id.* at 809. He also stated that the majority opinion does nothing to subject § 406(b) fees to "a uniform rule of law." *Id.*

Some courts indeed have indicated difficulty in applying the aforementioned factors. One district court in 2006 noted that *Gisbrecht* does not instruct precisely how a district court should quantify the "downward adjustment" when the court concludes such an adjustment is in order. *Ellick v. Barnhart*, 445 F.Supp. 2d 1166, 1168 (C.D. Cal. 2006). In

*Ellick*, the court analyzed forty-three reported post-*Gisbrecht* decisions and concluded in twenty-three cases the courts had approved the requested twenty-five percent contingency fees, although using different reasoning; in eight cases the attorneys had requested fees which were less than twenty-five percent and the courts had approved those requests; and, in twelve cases the courts reduced requested fees. *Id.* at 1168-71. Of the cases in which fees were reduced to less than twenty-five percent of the awarded benefits, two courts used *de facto* hourly fees of 2.5 times the attorney's normal hourly rate, three reduced fees to rates the judges considered reasonable based on experience, and in five cases the fees were reduced drastically without precise explanation.[5]

One circuit has affirmed a district court's award of a twenty-five percent fee over the Commissioner's objection that the award resulted in an hourly "windfall" rate of $736.84. *Mudd v. Barnhart*, 418 F.3d 424, 417 (4th Cir. 2004). The Fourth Circuit found the district court had considered the overall complexity of the case, the lawyering skills necessary, the risks involved, and the significance of the result achieved in district court. *Id.* at 428. Such analysis was satisfactory to determine a reasonable fee under *Gisbrecht*.

In this district, one court has found a range up to 2.5 times a normal fee would be reasonable, particularly with regard to other factors in that case. In *Johnson v. Barnhart,* Civil Action No. 3:03-cv-68-J-MMH (M.D. Fla., January 12, 2007)(unpublished decision), the court concluded $250 per hour constituted a normal hourly rate for Social Security

---

[5]The other two cases involved somewhat unusual facts where the courts deducted fees attributed to a paralegal's work in one case and in the other case decreased fees based on a recovery for two minor children which did not involve additional work on the attorney's part. *Ellick*, 445 F.Supp. 2d at 1171.

Clearly, there have been numerous other cases since *Ellick*, but this Court has not noticed any further distinctive trend that would require additional analysis.

appeals and up to 2.5 times that rate would reasonably account for the contingency nature of the case.

*Application to the case*:

In accordance with *Gisbrecht*, the Court will determine a reasonable fee award considering counsel's experience and background, his work on this case, the hours spent representing the client at the district court level, the complexity of the case, the difficulty of the case at the time counsel agreed to take it,[6] whether counsel caused any delay, and counsel's normal hourly rate. In this case:

(1) Social Security is one of the primary areas of counsel's law practice.

(2) Counsel began representing Plaintiff while his case was still at the administrative level, but after the initial application had been denied, reconsideration of the application had been denied and an ALJ had denied benefits after an administrative hearing. Over the next few years, counsel represented Plaintiff through the Appeals Council review, a federal court claim, a remand for additional administrative review, and reopening of the federal case. Counsel also filed a thirteen (13) page memorandum of law in support of his client's position, that ultimately was persuasive to the requested sentence

---

[6]The Court notes that in the Eleventh Circuit's consideration of a reasonable fee under the lodestar method, one of the twelve factors examined was "the undesirability of the case." *Kay v. Apfel*, *supra,* 176 F.3d at 1327. Given the nature of Social Security cases, particularly those in which the attorney is not in the case at the beginning, that seems an appropriate factor even under a *Gisbrecht* analysis. The factor also could be viewed as the substantial risk of loss at the time the case was undertaken. In this case, the same attorney represented Plaintiff since his claim for benefits had been denied at the administrative hearing level.

four remand. Plaintiff's counsel indicates Plaintiff was ultimately awarded over $45,000 in past due benefits.[7]

(3) Counsel spent 14.50 hours working on the case before the district court, an amount of time the Court considers reasonable. However, the total benefits awarded Plaintiff are large in comparison to the amount of time counsel spent in the case. *See Gisbrecht*, 535 U.S. at 808.

(4) As stated above, this case began in 2001, with Mr. Berger's representation of Plaintiff beginning November 24, 2003. The medical history is not very extensive, nor did the federal court litigation reveal numerous or complex issues to be decided. Plaintiff filed a thirteen (13) page brief asserting a single issue of error. The analysis applicable to the facts of Plaintiff's case comprised approximately four pages.

(5) Counsel always are accepting some risk in taking Social Security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level. This case appears to be a somewhat simple case involving an incomplete analysis by the first Administrative Law Judge. *See, e.g., Thomas v. Barnhart*, 412 F.Supp. 2d 1240, 1244 (M.D. Ala. 2005) (discussing assumption of risk by an attorney representing a previously denied disability claimant).

(6) The record available to the Court does not evidence any delays caused by Plaintiff's counsel. Indeed, the time line of events in this case suggests that no unreasonable delays occurred.

[7]The amount cited by Plaintiff's counsel coincides with the 25% noted by the SSA to be held in escrow for attorney fees (i.e. $45,000 x 25% = $11,250). *See* Doc. #24, ¶ 5; Doc. #25 at 9-12.

(7) The instant motion does not indicate counsel's normal hourly fee. However, the Court has noted that $250 per hour constitutes a normal hourly rate for Social Security appeals within this district, and multipliers for the contingency nature of these cases range up to 2.5 times the normal rate.

Utilizing the factors in *Gisbrecht*, and having consideration to the facts particular to this case, the Court will reduce the contingency fee to prevent an unreasonable award. The Court notes that the contingency fee agreement between Plaintiff and Plaintiff's counsel outlines a fee payment that does not exceed twenty-five percent of the total past due benefits awarded Plaintiff by the Social Security Administration. Counsel has not demonstrated that the total requested fee of $11,941.25 ($2,250 for § 406(a) fees plus $9,691.25 for § 406(b) fees) is a reasonable fee for his representation. Notwithstanding the contingency fee agreement, the Court finds a total fee award of $8,200 is reasonable for the representation Plaintiff's counsel provided in this Court, which is subject to award under 42 U.S.C. § 406(b) and review under *Gisbrecht*. That amount is reached having given due consideration to the aforementioned factors as applied to the facts of this case. More specifically, the Court does not find this case to have been overly difficult, time consuming or complex. The Court notes counsel's representation totaling 14.50 hours at a reasonable hourly rate of $250 and using a multiplier of 2.25, which would take into consideration the contingency nature of the representation, would equate to a § 406(b) fee of $8,156.25.[8]

---

[8]The Court is aware from a Social Security website that in 2000, federal courts award plaintiffs disability benefits in six percent of the appeal cases and remand in another forty-eight percent of cases. After the remand, about sixty percent of claimants are (continued...)

***Conclusion***

The Court will **GRANT IN PART** counsel's Motion for Award of Attorney Fees under 42 U.S.C. § 406(b) in the amount of $8,200. However, as required under the statute and *Gisbrecht*, counsel must refund to the Plaintiff the amount of $2,138.75 representing the EAJA fees previously awarded counsel (Doc. #22).

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of January, 2008.

Thomas E. Morris

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record

---

[8](...continued)
awarded benefits. Thus, claimants prevail only about thirty-five percent of the time. Social Security Advisory Board, *Disability Decision Making: Data and Materials* (January 2001), at 86, *available at* <http://www.ssab.gov/Publications/Disability/chartbookB.pdf>. One argument thus is that to make up for the risk of loss, Social Security attorneys need to charge a winning client 2.7 times the fee the attorney would have charged on a non-contingent basis (which the attorney is prohibited from doing under Title 42, U.S.C. § 406(b)(2)). Of course, the fact that EAJA fees are awarded in some cases after a remand, even if the ALJ does not eventually award disability, is not factored into that calculation.

In this case, the Court finds the facts of the case warrants application of a multiplier to a standard hourly rate that is greater than two times the hourly rate, but certainly less than the higher multiplier often seen at 2.5 times the hourly rate.